767 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHN BENDER, EXECUTOR OF THE ESTATE OF WILLIAM F. MORRIS AND
MRS. WILLIAM F. MORRIS, PLAINTIFFS-APPELLANTS,
v.
GENERAL FELT INDUSTRIES; CLARKSON LABORATORIES,
INC.,DEFENDANTS/THIRD PARTY PLAINTIFFS-APPELLEES,
RITE-OFF, INC.; PRIDE SOLVENTS & CHEMICALS CO.;
BARON-BLAKESLEE; DOW CHEMICAL CO.; P.P.G.
INDUSTRIES, INC., THIRD-PARTY
DEFENDANTS-APPELLEES.
 NO. 84-3362
 United States Court of Appeals, Sixth Circuit.
 6/17/85
 
 N.D.Ohio
 AFFIRMED
 On Appeal From The United States District Court for the Northern District of Ohio
 BEFORE: KEITH and KRUPANSKY, Circuit Judges, and COHN.*
 PER CURIAM:
 
 
 1
 The plaintiff appeals from a district court order granting summary judgment to the defendants in this personal injuries action based on diversity of citizenship. The judgment below is affirmed for the reasons set forth below. The plaintiff decedent, William F. Morris filed this suit against the defendants in August 1980 after allegedly suffering eye injuries from using an aerosol solvent called Clarcothane.[1] The defendants, manufacturers and distributors of Clarcothane's active ingredient 1,1,1-Trichloroethane, responded by denying that their product proximately caused Mr. Morris' injuries.
 
 
 2
 On January 24, 1983 the district court issued an order permitting the parties to call at trial only those experts selected by the final date for expert discovery. After several continuances and extensions, the court set August 1, 1983 as the final date for submission of medical and non-medical reports by experts who were expected to testify at trial. By that date, the plaintiffs had submitted medical reports by two physicians, but had failed to tender reports which contested the defense experts' finding that 1,1,1-Trichloroethane was not the cause of the decedent's eye injuries or death.
 
 
 3
 On September 21, 1983, the district court ruled that, pursuant to its January order, the plaintiffs would be limited to calling at trial only those experts identified by August 1, 1983. Thereafter, the defendants filed motions for summary judgment on the ground that the plaintiffs had failed to raise any genuine issue of material fact on the absense of a causal relationship between Morris' exposure to the chemical and his injuries.
 
 
 4
 In response to the defendants' motions for summary judgment, the plaintiffs contended that the two medical reports in evidence raised a material issue of fact on the element of proximate causation. The plaintiffs also submitted a motion to modify the September order to permit consideration of an affidavit by Dr. Roush, an expert in nasal cancer, whom the plaintiffs found shortly after the August 1, 1983 discovery deadline. Dr. Roush indicated in his affidavit that certain tests would be necessary to determine the cause of the decedent's death, but stated nothing which directly contradicted the finding of defendants' experts that no proximate causation could be established between the decedent's contact with 1,1,1-Trichloroethane and the injuries he suffered. The district court granted summary judgment for the defendants on the grounds that: '[p]laintiffs have failed to present evidence by way of affidavit, deposition, answers to interrogatories, admissions or stipulation to the effect that Morris' injuries were caused by 1,1,1-Trichloroethane.' Order of April 5, 1984, at 3. The court further held that '[n]o good cause has been shown why the Court should again grant an extension [with respect to identifying and providing expert testimony].' Order of April 5, 1984, at 9. The court concluded that 'premised upon the affidavits of Dr. Kwon, Dr. Ronald Gots, Dr. Barbara Gots, Dr. Leber and the letter of Dr. Shannon, there are no genuine issues of material fact regarding defendants' liability because the product to which Morris was exposed, 1,1,1-Trichloroethane, was not the cause of Morris' injuries.' Id.
 
 
 5
 On appeal the plaintiffs argue that the district court erred in determining that the reports of Doctors Rolf and Nagelis and the affidavit of Dr. Roush did not raise material issues of fact concerning 1,1,1-Trichloroethane's causation of Mr. Morris' injuries. We find that argument fails for two reasons. First, the two medical reports do not offer expert opinion which contests the conclusions of the defendants' experts that the chemical did not cause Mr. Morris' permanent injuries. Second, the plaintiffs cannot claim to have raised a genuine of material fact under Federal Rule of Civil Procedure 56(e) by relying on the prospective findings of Dr. Roush. King v. National Industries, Inc., 512 F.2d 29, 33-34 (6th Cir. 1975).
 
 
 6
 The plaintiffs next argue that the district court abused its discretion in refusing to extend the discovery deadline and modify its January order to allow Dr. Roush to conduct tests, submit a report and thereby testify at trial as the plaintiffs' expert. We do not agree. In our view the district court exercised great patience during the three years the plaintiffs attempted to obtain expert evidence establishing 1,1,1-Trichloroethane's proximate causation of Mr. Morris' injuries. The plaintiffs failed to adequately challenge the defendants' expert evidence showing no proximate causation and therefore failed to satisfy their burden under Rule 56(e) of the Federal Rules of Civil Procedure.
 
 
 7
 Accordingly, the judgment of the Honorable David D. Dowd is hereby affirmed.
 
 
 
 *
 Honorable Avern Cohn, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Mr. Morris died from cancer of the paranasal sinuses on May 19, 1983. In a separate wrongful death action not on appeal here, the executor of his estate and Mrs. Morris, the plaintiffs appealing on Mr. Morris' behalf in this action, allege that his death was also the direct result of Mr. Morris' eye accident with the chemical Clarcothane